GREENBERG TRAURIG, LLP
Allen G. Kadish
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
kadisha@gtlaw.com

Mark D. Bloom (*pro hac vice*)
Paul J. Keenan (*pro hac vice*)
1221 Brickell Avenue
Miami, Florida 33131
Telephone: 305-579-0500
Facsimile: 305-579-0717
bloomm@gtlaw.com
keenanp@gtlaw.com

Attorneys for Andrew Bickerton as Liquidator of
  Wellgate International Limited

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------x
In re                                            :   Chapter 11
                                                 :
BOZEL S.A.,                                      :   Case No. 10-11802 (AJG)
                                                 :
              Debtor.                            :
-------------------------------------------------x

## SECOND DECLARATION OF ANDREW D. BICKERTON

I, Andrew D. Bickerton, declare and state as follows

1. I am licensed under the Insolvency Act, 2003 (the "BVI Insolvency Act") of the British Virgin Islands (the "BVI") to act as an "Insolvency Practitioner." My curriculum vitae is attached hereto as Exhibit A.

2. In my capacity as Liquidator of Wellgate,[1] I have a duty to investigate and report on the business affairs of Wellgate. Such duty necessarily entails investigating the

---

[1] Capitalized terms not defined herein shall have the definitions ascribed to them in the *Motion (A) To Enforce Corporate Governance Rights, (B) To Designate Responsible Person, or, in the Alternative (C)*

businesses of Wellgate's wholly-owned subsidiary ("Bozel S.A.," or the "Debtor"), as well as the three wholly-owned subsidiaries of Bozel S.A.: Bozel Mineracão S.A. ("Bozel Brazil"), Bozel Europe S.A.S. ("Bozel Europe"), and Bozel, LLC ("Bozel LLC" and, together with Bozel Brazil and Bozel Europe, the "Bozel Subsidiaries").

3. My efforts to investigate and report on the business affairs of Bozel S.A. and its subsidiaries have been systematically frustrated by the actions of Michel Marengère, who at the time of my appointment as Liquidator was the sole director of Bozel S.A. Mr. Marengère has refused and continues to refuse to recognize my authority as Liquidator of Wellgate, the 100% shareholder of Bozel S.A., including my power to remove him as director of Bozel S.A. On the basis of Mr. Marengère's obstruction of my efforts, I have been unable to assume control over the Bozel Subsidiaries, and to fulfill my duty as Liquidator of Wellgate to investigate and report to the BVI Court that appointed me as Liquidator.

4. In this Supplemental Declaration, I describe in more detail the factual bases of my decision to seek emergency relief in this Court, as well as lend general factual support for the relief requested in the Motion. The information below is, however, necessarily incomplete, because I have been unable to obtain satisfactory information from Mr. Marengère.

5. I learned of the information presented below during the normal course of my investigation of Wellgate. The statements are the product of my analysis of the limited financial information available for Bozel S.A. and the Bozel Subsidiaries, as well

---

*For Relief from the Automatic Stay, and Memorandum of Law in Support* [Docket No. 8] filed on April 28, 2010.

as interviews that I have conducted with key personnel at certain Bozel Subsidiaries, and with creditors and other parties with knowledge.

6. Mr. Marengère continues to serve as Chairman and Chief Executive Officer of Bozel LLC, a Florida corporation. As of the Petition Date, Bozel LLC's principal place of business was listed in Florida's public records as 21218 St. Andrews Blvd., Suite 509, Boca Raton, FL 33433. On April 15, 2010, this address appears to have changed to 555 South Federal Highway, Suite 260, Boca Raton, FL 33432.

7. Bozell LLC does not conduct or have any place of business in New York to the best of my knowledge and belief, and I believe that the address listed for Bozel S.A. in its voluntary petition in this Court is not a valid address for either Bozel S.A. or Bozel LLC.

8. I have been unable to obtain any information about the cash position of Bozel LLC, as Mr. Marengère has exclusive access to that entity's bank account in Florida. I am aware of no bank accounts maintained by Bozel S.A. or Bozel LLC in New York.

9. Mr. Marengère has informed me that the unaudited financial statements of Bozel LLC for 2008 and 2009 are currently being prepared by outside accountants. To date, Mr. Marengère has declined to provide me with any financial information, nor to identify the outside accountants or provide any information about the status of such reports.

10. Bozel LLC acts as the United States distributor of product produced by Bozel Brazil, the Brazilian subsidiary of Bozel S.A.

11. On the basis of my investigation to date, I have determined that as of December 31, 2009, Bozel LLC had approximately $500,000 in inventory consisting of Bozel Brazil product. I have been unable to determine whether Bozel LLC has any accounts receivable, or to obtain any information about the validity or aging of any such receivables.

12. As of December 31, 2009, Bozel LLC had liabilities to Bozel Brazil of $14,973,891,[2] comprising the following:

    a)     $11,403,564 for inventory shipped to Bozel LLC;

    b)     $1,554,750 for inventory shipped to Bozel LLC and due to Bozel Brazil's shipping agent; and

    c)     $2,015,567 for funds transferred to Bozel LLC.

13. Based on the foregoing assets and liabilities, Bozel LLC appears clearly to be insolvent.

14. The failure of Bozel LLC to remit funds to Bozel Brazil has caused Bozel Brazil to run afoul of Brazil's currency control laws, which require remittance of funds for exported goods within 60 days.

15. Further, the failure of Bozel LLC to remit funds to Bozel Brazil has resulted in a short-term cash flow problems for Bozel Brazil. The offers I have received from independent third parties seeking to purchase the assets of Bozel Brazil recognize these short-term cash flow problems arising out of the failure of Bozel LLC to remit funds.

---

[2] Figures are expressed in United States Dollars. Original transactions were denominated in Brazilian *Real*.

16. Over one or more years, I am informed that Bozel LLC has earned, in the aggregate, in excess of $25,000,000 for the sale of inventory purchased from Bozel Brazil. I am informed that some of these proceeds have been used to fund loan and interest payments to creditors of either Bozel S.A. or its parent, Wellgate International Ltd., for which I act as liquidator.

17. I am informed that some of these proceeds have been used to fund the defense of lawsuits in Florida and elsewhere against Mr. Marengère personally, including lawsuits in which Mr. Marengère has been accused of fraud.

18. Some of these proceeds have been used to fund this Chapter 11 case, which filing Mr. Marengère undertook without my authorization after I advised him of my appointment as liquidator in Wellgate and gave him explicit instructions to take no actions on behalf of Bozel S.A. without my authorization.

19. Mr. Marengère has been unable or unwilling to account for at least $7,000,000 of the $25,000,000 in proceeds received by Bozel LLC from sales of product manufactured by Bozel Brazil.

20. As Liquidator of Wellgate, I seek relief in this Court in order to prevent Mr. Marengère from further attempts to entrench himself in control of Bozel S.A. and the Bozel Subsidiaries, to the detriment of Bozel Brazil and its creditors and ultimately, the creditors of Wellgate.

21. I believe that this Court is the only forum available to me to obtain the comprehensive result I seek, as a ruling in any other court may be ineffective and violate the automatic stay to the extent that it would place me in my rightful control of the assets and affairs of the Bozel Subsidiaries, whose shares are held 100% by Bozel S.A.

22. By seeking relief in this case, I also hope to avoid haphazard or inconsistent rulings by different courts in different jurisdictions.

23. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 3 MAY 2010

Andrew D. Bickerton

# **EXHIBIT A**

# CURRICULUM VITAE

# ANDREW DAVID BICKERTON

## BVI LICENSED INSOLVENCY PRACTITIONER
NO. INSOL/PL-F/04/004

**Personal**

**Born :** July 8, 1950

**Education :**

 1961-1978   Bournemouth School for Boys, U.K.

**Qualifications :**

 Association of Chartered Certified Accountants - Admitted 25th December, 1974
                                                 - Fellow 1st January, 1980

 The Institute of Chartered Accountants of Jamaica - Admitted 10th April, 1986

**Work Experience:**

 1968 - 75  O.Carter & Coley, Bournemouth, U.K.
                       - 2 partner firm of Chartered Accountants
                       - articled clerk through Partner's Personal Assistant
 1975 - 82  Price Waterhouse, Lusaka, Zambia and Nassau Bahamas
                       - Audit senior through Audit Manager
 1982 - 91  Deloitte & Touche, Tortola, British Virgin Islands
                       - Audit Manager 1982-1984
                       - Partner 1984-91
 1991 - 93  Island Resorts Limited, Long Bay, Tortola
                       - Finance Director of management company developing and
                         servicing 120 room hotel and resort in the British Virgin
                         Islands
 1993 to date  BDO Limited
  British Virgin Islands      - Managing Director

**Insolvency Experience**      - In excess of 25 years

                                 - Liquidator or Receiver of supermarket chains, builders
                                   merchant, marine yacht charterer, property companies,
                                   offshore investment vehicles, offshore funds and
                                   international software group.
                                 - established insolvency practice in British Virgin
                                   Islands having been appointed as the operational Receiver
                                   or Liquidator for numerous BVI International Business
                                   Companies and BVI Business Companies, including:

                                 - representing the interests of four major international
                                 banks
                                 in the liquidation of an offshore fund with a deficit US$50
                                 million;

- representing the interests of international investors in the pursuit of assets in excess of US$40 million resulting from the collapse of a prominent international investment scheme;

- representing the interests of international investors in the liquidation of an offshore fund with net assets of US$78 million and a deficit of US$242 million;

- representing the interests of a creditor in the collection of a Russian debt of US$194 million, including the appointment of Counsel in Moscow and Kamchatsky, visiting with them, organizing bailiff procedures and attachment of assets, obtaining settlement of debt;

- representing the interests of international bank in realization of Russian property assets;

- cross border asset tracing of apparent dissipation of USD 40 million, while applying further consideration to shareholders in contentious dispute over rights to the assets;

- appointed Receiver of international software group under a Security Trust Deed, including taking control of subsidiaries in Europe and South America owned through multi jurisdictions.