GREENBERG TRAURIG, LLP
Allen G. Kadish
Adam C. Dembrow
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
kadisha@gtlaw.com
dembrowa@gtlaw.com

Mark D. Bloom (admitted *pro hac vice*)
Paul J. Keenan (admitted *pro hac vice*)
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
bloomm@gtlaw.com
keenanp@gtlaw.com

Proposed Attorneys for the Debtor and Debtor in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
| | |
|---|---|
| In re : | Chapter 11 |
| : | |
| BOZEL S.A., : | Case No. 10-11802 (AJG) |
| : | |
| Debtor. : | |

---------------------------------------------------------x

**APPLICATION FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND
RETENTION OF GREENBERG TRAURIG, LLP AS COUNSEL TO THE DEBTOR**

Bozel S.A. ("Bozel" or the "Debtor"), as debtor and debtor in possession hereby seeks an order authorizing the employment and retention of Greenberg Traurig, LLP as counsel to the Debtor, and in support thereof respectfully represents:

**Summary of Relief Requested**

1.  The Debtor submits this application (the "Application") for entry of an order, substantially in the form attached hereto as Exhibit C, pursuant to Section 327(a) of the United States Bankruptcy Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), (a) authorizing the Debtor to retain Greenberg Traurig, LLP ("Greenberg Traurig" or the "Firm") as counsel to the Debtor in this Chapter 11 case effective as of August 6, 2010,[1] and (b) providing any additional relief required in order to effectuate the foregoing. The facts and circumstances supporting this Application are as set forth herein and in the declaration of Mark D. Bloom (the "Bloom Declaration"), which is attached hereto as Exhibit A and incorporated herein by reference.

2. The Debtor seeks to retain Greenberg Traurig because of the Firm's extensive general experience and knowledge in the field of debtor and creditor rights and business reorganizations under Chapter 11 of the Bankruptcy Code. Moreover, Greenberg Traurig is well suited for the type of representation required by the Debtor. Greenberg Traurig maintains an office for the practice of law in New York, New York, where this case is pending and has extensive experience appearing before the courts in this district. In addition, Greenberg Traurig has substantial experience representing debtors in reorganization cases. Greenberg Traurig is an international law firm with approximately 1,750 attorneys in 30 offices. The members of the Firm practice in almost every practice area, including bankruptcy, litigation, real estate, business, international trade, employment, tax, labor, regulatory, corporate, and commercial law.

3. Accordingly, the Debtor determined that Greenberg Traurig has the resources and experience necessary to represent it in this cases. Furthermore, Greenberg Traurig

---

[1] The Debtor and Greenberg Traurig reserve the right to seek, at or before the hearing scheduled on this Application, for Greenberg to be retained *nunc pro tunc* to April 7, 2010, based upon rulings from this Court and a court in Luxembourg, where the Debtor is incorporated, that as of April 7, 2010, Mr. Bickerton was the sole director and in control of the Debtor.

has become familiar with the Debtor's business and operations and many of the legal issues that may arise in the context of this case while acting as counsel to Andrew Bickerton in his capacity as liquidator (the "Liquidator") of Wellgate International Limited ("Wellgate") since April 2010. The Debtor believes that Greenberg Traurig's employment is in the best interest of the Debtor, its estate, and its creditors. Thus, the Debtor desires that Greenberg Traurig represent it in connection with this case.

**Jurisdiction, Venue and Statutory Predicates**

4. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is core pursuant to 28 U.S.C. § 157(b)(2) (A), (B) and (O). Venue is proper in this Court pursuant to 28 U.S.C. § 1408. The Debtor seeks the relief requested herein pursuant to Section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1.

**Background**

5. The Liquidator was duly appointed to his position as Liquidator of Wellgate on March 10, 2010, by the Eastern Caribbean Supreme Court in the High Court of Justice, Virgin Islands pursuant to the British Virgin Islands ("BVI") Insolvency Act, 2003.

6. Wellgate is a business company organized under the laws of the BVI. Wellgate owns 100% of the stock of the Debtor. Wellgate's business included financing the merger and acquisition of distressed assets and non-core subsidiaries of large conglomerates.

7. The Debtor is a company limited by shares (a "*société anonyme*" or "S.A.") organized under the Grand Duchy of Luxembourg, and registered with the Luxembourg Trade and Companies Register under the number B107769. The Debtor is a holding company which owns 100% of the stock in its three subsidiaries: Bozel Mineracão S.A. (organized in

Brazil) ("Bozel Brazil"); Bozel Europe S.A.S. (organized in France) ("Bozel Europe"); and Bozel LLC (organized in the state of Florida) ("Bozel LLC").

8. Through its three operating subsidiaries on three continents, the Debtor is a worldwide leader in the sale of Calcium Silicon ("CaSi") and sells over 40% of the world's CaSi powder output. The Debtor invented CaSi Cored Wire, which is an industry-preferred ingredient in the production of high quality steel and steel alloys.

9. Bozel Brazil and Bozel Europe are manufacturing companies. Bozel Brazil produces primarily CaSi and Cored Wire. Bozel Europe produces primarily Cored Wire. Bozel LLC primarily markets and distributes in the United States the products produced by Bozel Brazil.

10. On March 19, 2010, the Liquidator sent a directive by e-mail to Michel Marengère ("Marengère") informing him of his appointment as Liquidator of Wellgate. The directive advised Marengère that, with the appointment of the Liquidator, Marengère lacked statutory authority over the Debtor. The directive further stated that Marengère should take "no actions" in relation to the Debtor without the Liquidator's "express authorization and written approval." In defiance of these directives, three days later, Marengère executed a resolution on behalf of the Debtor dated March 22, 2010, entitled "Consent in Lieu of Meeting of Directors," which purported to resolve, among other things, that the Debtor file "as soon as practicable" a petition under Chapter 11 of the Bankruptcy Code.

11. On April 6, 2010 (the "Petition Date"), in further defiance of the Liquidator's express written instructions to the contrary, Marengère caused the Debtor to commence this case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor operates its business and manages its properties as debtor in possession

pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code, as described below. On May 21, 2010, James L. Garrity, Jr. was appointed as examiner in this case. That appointment was confirmed by the Court on May 25, 2010. No creditors' committee or trustee has been appointed in this case.

12. Immediately following the Petition Date, on April 7, 2010, the Liquidator executed a document entitled "Resolutions of the Sole Shareholder" of the Debtor (the "Shareholder Resolutions"). The Shareholder Resolutions specifically resolve "to remove Mr. Michel Marengère from his office of director (*administrateur*) and of day-to-day managing director (*administrateur-délégué*) . . . ."

13. On April 8, 2010, the Liquidator caused the *Journal Officiel du Grand-Duché de Luxembourg* to publish an "*Extrait des résolutions*" ("Resolutions Certificate"), which set forth the Shareholder Resolutions in substantial part.

14. The filing of this Chapter 11 case triggered a corporate governance dispute over who as between the Liquidator and Marengère had the right to control the Debtor. The Liquidator initially sought to resolve this dispute in his *Motion (A) to Enforce Corporate Governance Rights, (B) to Designate Responsible Person, or, in the Alternative (C) for Relief from the Automatic Stay, and Memorandum of Law in Support*, filed on April 28, 2010.

15. Following direction from the Court regarding resolution of the corporate governance dispute, on May 7, 2010, the Liquidator and Crastvell Trading Limited ("Crastvell") commenced adversary proceeding no. 10-03249 against the Debtor and Marengère seeking declaratory and injunctive relief (the "Adversary Proceeding"). Hearings were held in the Adversary Proceeding on June 23 and 24, 2010, and July 28, 2010. On August 4, 2010, the Court in the Adversary Proceeding issued an opinion (the "Opinion") granting virtually all relief

sought by the Liquidator and Crastvell.[2] By order entered on August 6, 2010, the Court implemented its Opinion. The Adversary Proceeding was closed on August 9, 2010.[3]

16. The Opinion and Order confirmed the validity of the corporate governance action taken by the Liquidator in removing Marengère as the director of the Debtor and naming himself to that position. The Liquidator is now the sole director of the Debtor and the only person authorized to act on its behalf.

## **Scope of Employment**

17. The Debtor has determined to retain Greenberg Traurig as counsel to the Debtor in this Chapter 11 case upon the terms and conditions contained in that certain letter dated as of September 1, 2010 between Greenberg Traurig and the Debtor (such letter, together with all its attachments, is referred to as the "Engagement Letter"), a copy of which is attached hereto as Exhibit B. The professional services that Greenberg Traurig expects to render to the Debtor include, but shall not be limited to, the following:

   a. providing legal advice with respect to the Debtor's powers and duties as debtor in possession in the continued operation of its business and management of its property;

   b. negotiating, drafting, and pursuing all documentation necessary in this case;

   c. preparing on behalf of the Debtor all complaints, applications, motions, answers, orders, reports, and other legal papers necessary to the administration of the Debtor's estate;

   d. appearing in court and protecting the interests of the Debtor before the Court;

---

[2] The Court denied, without prejudice, injunctive relief with respect to the Debtor's subsidiaries.

[3] In a previous opinion issued by the Court in the Adversary Proceeding on July 20, 2010, the Court ruled that it had personal jurisdiction over Marengère, and that it would not abstain from hearing the Adversary Proceeding in favor of two proceedings commenced by Marengère against the Liquidator then pending in Luxembourg.

      e.      assisting with any disposition of the Debtor's assets, by sale or otherwise;

      f.      attending all meetings and negotiating with representatives of creditors, the United States Trustee, and other parties-in-interest; and

      g.      providing legal advice regarding bankruptcy, corporate, real estate, employment, transactional, tax, labor law and other issues to the Debtor in connection with the Debtor's bankruptcy case.

18. Subject to this Court's approval of this Application, Greenberg Traurig has indicated that it is willing to serve as Debtor's counsel in this case to perform the services described above.

**Greenberg Traurig's Disinterestedness**

19. To the best of the Debtor's knowledge, and except to the extent disclosed herein and in the Bloom Declaration, Greenberg Traurig (a) is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code, and (b) does not hold or represent an interest adverse to the Debtor's estate. Out of an abundance of caution, Greenberg Traurig makes the following disclosures.

20. From April 2010, Greenberg Traurig has represented the Liquidator both in the Debtor's Chapter 11 case and in the Adversary Proceeding. The Liquidator controls Wellgate, which is the Debtor's sole shareholder.

21. The Liquidator is a Managing Director of BDO Limited in the BVI. The Debtor expects to file an application to retain BDO Consulting Corporate Advisors, LLC ("BCCA") as its financial advisor pursuant to Section 327(a) of the Bankruptcy Code. BCCA is an affiliate of BDO US, LLP ("BDO"). BDO is a member of BDO International Limited, a U.K. company limited by guarantee, and forms part of the international BDO network of independent

member firms. BDO USA is a client of Greenberg Traurig, and Greenberg Traurig frequently acts as outside counsel for BDO in U.S.-based litigation.

22. In connection with the Adversary Proceeding, a portion of Greenberg Traurig's fees and expenses were paid by Crastvell, a creditor of the Debtor, while a significant balance remains unpaid. Crastvell is also a creditor of Wellgate and is the party that sought Wellgate's liquidation in the BVI. Crastvell has also paid the Liquidator's expenses in connection with Wellgate's liquidation in the BVI, where it is customary for a secured creditor to fund the costs of a liquidation until the liquidator is able to obtain and access sufficient funds for administration of the liquidation from the liquidating estate. As of the effective date of this Application (August 6, 2010), Greenberg Traurig received a $50,000 retainer (which has been fully applied), as well as a payment of $83,000 from Crastvell. A balance in excess of $400,000 remains owing to Greenberg Traurig.[4] As counsel to the Debtor, Greenberg Traurig will seek to be paid solely from the assets of the Debtor's estate, and not by Crastvell or any other creditor or party in interest in this Chapter 11 case.

**Professional Compensation**

23. Greenberg Traurig intends to apply for compensation for professional services rendered in connection with these cases subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules and orders of this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Greenberg Traurig. Greenberg Traurig has advised the Debtor that the current hourly rates applicable to the attorneys and paralegals proposed to represent the Debtor are at the rates set forth in the Bloom Declaration and incorporated herein by reference.

---

[4] Greenberg Traurig reserves the right to file a claim for substantial contribution to the Debtor's estate in order to recover this balance.

The Debtor understands that the hourly rates set forth in the Bloom Declaration are subject to periodic adjustments to reflect economic and other conditions.

24. Greenberg Traurig has also advised that Debtor that it will charge the Debtor's estate for these expenses in a manner and at rates consistent with charges made generally to Greenberg Traurig's clients outside of bankruptcy and in accordance with Sections 330 and 331 of the Bankruptcy Code and any orders of this Court, and the requirements of the *Administrative Order Re: Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases,* General Order M-389 (November 25, 2009) and the United States Trustee's Guidelines.

25. Other than as set forth herein, and in the Bloom Declaration, there is no proposed arrangement to compensate Greenberg Traurig. Greenberg Traurig has not shared, nor agreed to share, (a) any compensation it has received or may receive with any other party or person, other than with the shareholders, counsel, and associates of Greenberg Traurig, or (b) any compensation another person or party has received or may receive.

**Request for Approval of Retention of
Greenberg Traurig, Effective as of August 6, 2010**

26. The Debtor requests that Greenberg Traurig's retention be made effective as of August 6, 2010, in order to allow Greenberg Traurig to be compensated for the work it performs for the Debtor following the entry of the Order in the Adversary Proceeding and prior to the Court's consideration and approval of this Application. Greenberg Traurig will immediately have to turn its attention to urgent matters including, but not limited to, addressing a variety of business and creditor related issues which have arisen as a result of this Chapter 11 case, and which remained unattended during the pendency of the Adversary Proceeding. The Debtor submits that under the circumstances, and to avoid irreparable harm to the Debtor's

9

estates that may occur if Greenberg Traurig is not immediately retained, approval of the Application effective as of August 6, 2010, is warranted.

## **No Prior Application**

27. No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests entry of an order (i) authorizing the Debtor to employ and retain Greenberg Traurig as counsel to the Debtor in this Chapter 11 case effective as of August 6, 2010, and (ii) granting such other and further relief as is just and proper.

Dated: New York, New York
September 7, 2010

GREENBERG TRAURIG, LLP

By: */s/ Allen G. Kadish*
Allen G. Kadish
Adam C. Dembrow
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
kadisha@gtlaw.com

and

Mark D. Bloom (admitted *pro hac vice*)
Paul J. Keenan (admitted *pro hac vice*)
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
bloomm@gtlaw.com
keenanp@gtlaw.com

Proposed Attorneys for Bozel S.A.,
 Debtor and Debtor in Possession

BOZEL, S.A.,
Debtor and Debtor in Possession

*/s/ Andrew Bickerton*
Andrew Bickerton, as
Sole Director