UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re                                   :        Chapter 11
                                        :
BOZEL S.A.,                             :        Case No. 10-11802 (AJG)
                                        :
                Debtor.                 :
-------------------------------------------------------x

**ORDER APPROVING BIDDING PROCEDURES AND RELATED RELIEF
REGARDING THE SALE OF ASSETS OF BOZEL S.A., AND NOTICE THEREOF**

Upon the *Debtor's Motion for Orders Approving (I) Bidding Procedures and Related Relief Regarding the Sale of Assets of Bozel S.A., and Notice Thereof, and (II) Sale of Assets* [Docket No. 100] (the "Motion") filed by Bozel S.A. ("Bozel"), (I) seeking to (a) establish bidding and auction procedures (the "Bid Procedures") related to the sale of certain of Bozel's assets (the "Purchased Assets") to Japan Metals & Chemicals Co., Ltd. ("JMC") pursuant to the purchase agreement between Bozel and JMC, dated December 9, 2010 (the "Purchase Agreement"), or to a higher and better purchaser free and clear of all liens, claims, encumbrances, and other interests pursuant to Sections 105 and 363(b), (f), and (m) of the United States Bankruptcy Code; (b) designate JMC as the "stalking horse" purchaser; and (c) schedule an auction (the "Auction") and setting a date and time for a sale hearing (the "Sale Hearing") for the sale of the Purchased Assets (the "Bid Procedures Order"); and (II) subject to the results of the Auction, approving and authorizing the sale of Purchased Assets (the "Sale") to JMC or to the Winning Bidder or to the Backup Bidder (both as defined in the Motion) (the "Sale Order"); and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is core pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (N) and (O); and it appearing that venue is proper in this district pursuant to 28 U.S.C. § 1408; and the Court having held a hearing on good and

*MIA 181,513,031v7*

sufficient notice on December 29, 2010 (the "Bid Procedures Hearing"), and having determined that the solicitation process described in the Motion is a sufficient basis for Bozel's determination, in its business judgment, that JMC should be the "stalking horse" purchaser for the Purchased Assets, and that the relief sought in the Motion is in the best interests of Bozel, its estate, and all parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Motion is granted as set forth herein; and it is further

ORDERED that the Bid Procedures, set forth in Exhibit 1 hereto, are approved and established in connection with Bozel's contemplated Sale of the Purchased Assets as set forth below; and it is further

ORDERED that to the extent, if any, not otherwise resolved at the Bid Procedures Hearing and in this Order, Bayside Capital Inc.'s *Limited Objection to Bidding Procedures* [Docket No. 109] and *Trafalgar Capital Specialized Investment Fund's Limited Objection to Debtor's Motion for Orders Approving (I) Bidding Procedures and Related Relief Regarding the Sale of Assets of Bozel S.A. and Notice Thereof, and (ii) Sale of Assets* [Docket No. 112] are overruled; and it is further

ORDERED that the Bid Protections (as defined in the Motion) in favor of JMC, in the form of the breakup fee equal to $1,000,000, to be paid out of the proceeds of an Alternative Transaction (as defined in the Motion), and an initial overbid in the total amount of $2,000,000, (including the $1,000,000 breakup fee) are hereby approved; and it is further

ORDERED that subsequent to the initial overbid of $2,000,000, all subsequent bids shall be in increments of not more than $500,000 in excess of the previous bid, provided

that the Debtor may elect, in its sole discretion, to reduce but not exceed that amount at any time during the Auction; and it is further

ORDERED that JMC is approved as the "stalking horse" purchaser for the Purchased Assets; and it is further

ORDERED that the Purchase Agreement, substantially in the form attached hereto as Exhibit 2, is hereby approved, to the extent of its use as a form which all other bidders for the Purchased Assets must follow; and it is further

ORDERED that the Auction shall take place on **Tuesday, February 8, 2011 at 10:00 a.m.** at the offices of Greenberg Traurig, LLP, The MetLife Building, 200 Park Avenue, New York, New York 10166; and it is further

ORDERED that the Sale Hearing, at which the Sale of the Purchased Assets is to be considered, shall take place on **Wednesday, February 9, 2011 at 10:00 a.m.** before the Honorable Arthur J. Gonzalez, Chief United States Bankruptcy Judge, United States Bankruptcy Court, Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004; and it is further

ORDERED that the allowed amounts of the claims asserted by Trafalgar Capital Specialized Investment Fund ("Trafalgar") and Crastvell Trading Ltd. ("Crastvell") and secured by valid, perfected and enforceable liens on Bozel's stock in Bozel Europe S.A.S. and/or Bozel Mineracão S.A (Brazil) shall be paid in full at closing of the Sale, with any disputed or unresolved balance of such secured claim(s) that form the substance of an objection to such claims that remains pending at the time of the Sale Hearing to be transferred to and constitute a lien on the proceeds of such Sale, which proceeds shall not be used, disbursed or distributed by the Debtor pending final resolution of any objection, at which time such proceeds may be released to

Trafalgar, Crastvell and/or the Debtor, as applicable, without further order of the Court; and it is further

ORDERED that not later than three business days after the entry of this Order, Bozel shall cause a notice of Bid Procedures and Auction, substantially in the form attached hereto as <u>Exhibit 3</u>, to be sent by first-class mail postage prepaid to (i) the United States Trustee for Region 2, (ii) Trafalgar and Crastvell, through their counsel of record in this case, (iii) Bozel's known unsecured creditors, (iv) all entities known to have expressed to the Debtor a *bona fide* interest in acquiring the Purchased Assets, and (v) all other known parties in interest in this bankruptcy case (including any party who has entered an appearance and request for service of papers pursuant to Bankruptcy Rule 2002); as well as to be published in the U.S. and international editions of the *Wall Street Journal*; and it is further

ORDERED that such notice of the proposed Sale is deemed good and sufficient for purposes of Bankruptcy Rules 2002 and 6004; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: New York, New York
December 30, 2010

**/s/ Arthur J. Gonzalez**
HONORABLE ARTHUR J. GONZALEZ
CHIEF UNITED STATES BANKRUPTCY JUDGE